**FILED**

**APR 19 2006**

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RECEIVED
AUG 1 4 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 05-30420 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-04-00012-RRB |
| v. | |
| ROBERT DALE HENRIE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted April 7, 2006**
Seattle, Washington

Before: CANBY, GOULD, and BEA, Circuit Judges.

Having pleaded guilty to mail fraud under 18 U.S.C. § 1341 and money laundering under 18 U.S.C. § 1957, Robert Dale Henrie appeals the district court's

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

order that he pay $157,635.57 in restitution. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

The district court did not err by ordering Henrie to pay restitution for accounting and legal expenses the victim incurred to investigate the scope of Henrie's theft. *See* 18 U.S.C. § 3663A(b)(4) (mandating that defendants "reimburse . . . victim[s] for . . . expenses incurred during participation in the investigation or prosecution of the offense"); *United States v. Gordon*, 393 F.3d 1044, 1049, 1057 (9th Cir. 2004) (upholding a restitution order requiring the defendant to reimburse the victim for an "internal investigation" the victim had launched "to determine the extent of the [defendant's] embezzlement").

Nor did the district court err by allowing the government to present evidence of the victim's accounting and legal expenses for the first time at the defendant's sentencing hearing. Ten days before sentencing, the government informed the court that, although it had not yet determined the amount of the victim's investigative accounting and legal expenses, it would present this figure "at or before the sentencing." Under the circumstances, the Mandatory Victims

---

[1] We review de novo the legality of a restitution order. *United States v. Gordon*, 393 F.3d 1044, 1051 (9th Cir. 2004). If a restitution order complies with the statutory framework, we review the order for abuse of discretion and relevant factual findings for clear error. *Id.*

Restitution Act[2] barred the court from reaching a final restitution determination on the day of the sentencing hearing. *See* 18 U.S.C. § 3664(d)(5). It was entirely permissible, however, for the court to consider evidence of the victim's losses at the hearing, defer the final restitution determination,[3] and invite Henrie to submit supplemental briefing or request an additional hearing. *See id.*

Finally, the record supports the district court's determination, "by the preponderance of the evidence," of the amount of the victim's loss. *Id.* § 3664(e). We have considered and rejected Henrie's various arguments to the contrary.

**AFFIRMED.**



A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG - 9 2006

by: _____
Deputy Clerk

---

[2]  Title II, Subtitle A of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (codified in relevant part at 18 U.S.C. § 3664).

[3]  Although the court correctly deferred its final restitution determination, it erred by issuing this determination ninety-six days after the sentencing hearing. *See* 18 U.S.C. § 3664(d)(5) (setting a ninety-day deadline). Because Henrie has never raised this issue, however, we deem it waived. In any event, the court's delay was not prejudicial.

3